IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAWRENCE MADISON, )<br>                Plaintiff,  )<br>                         )<br>vs.                             )<br>                             )<br>JOHN WETZEL *Secretary of Corrections*; )<br>MELVIN LOCKETT *Superintendent of* )<br>*S.C.I. Greensburg*; CYNTHIA L. DAUB )<br>*Director of Pennsylvania Probation and* )<br>*Parole, Executive Office*; STEPHEN P. )<br>STEINER, *Parole Supervisor SCI* )<br>*Greensburg Dept.*; DAREK EBERHARDT )<br>*Parole Agent, Greensburg Field Office,* )<br>               Defendants.  ) | Civil Action No. 14-1263<br>Chief Magistrate Judge Maureen P. Kelly |

**OPINION AND ORDER**

**Kelly, Chief Magistrate Judge**

      Plaintiff Lawrence Madison ("Plaintiff"), a former inmate in the custody of the Pennsylvania Department of Corrections, initiated this civil rights action on September 15, 2014, by submitting a Motion for Leave to Proceed *in forma pauperis* along with a Complaint. ECF No. 1. Plaintiff, however, failed to provide the Court with a copy of his inmate trust fund account statement and thus the Motion for Leave to Proceed *in forma pauperis* was denied and the case marked closed pending Plaintiff's submission of the requisite paperwork or the $400.00 filing fee. ECF No. 2. Following the denial of a second Motion for Leave to Proceed *in forma pauperis*, ECF Nos. 3, 4, Plaintiff paid the $400.00 filing fee in full and the Complaint was filed on November 6, 2014. ECF Nos. 5, 8. Plaintiff filed an Amended Complaint on January 30, 2015, in which he alleges that, while he was housed at the State Correctional Institution at Greensburg, Defendants violated his rights provided by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution by failing to provide Plaintiff with a timely

revocation hearing which allegedly extended the period of his incarceration unnecessarily. For the reasons that follow, the Amended Complaint will be dismissed for failure to prosecute.

On February 10, 2015, Defendants filed a Motion to Dismiss [Amended] Complaint, ECF No. 24, and on February 23, 2015, this Court issued an Order directing Plaintiff to respond to Defendants' Motion to Dismiss by March 23, 2015. ECF: 2/23/15 Text Order. On March 2, 2015, the Court received a Notice of Change of Address from Plaintiff dated February 19, 2015, in which he indicated that he was no longer incarcerated. ECF No. 28. On March 9, 2015, this Court issued an Order directing Plaintiff to submit a new Motion for Leave to Proceed *in forma pauperis* apprizing the Court of his current financial condition given that he was no longer incarcerated. ECF No. 29. Plaintiff was ordered Plaintiff to submit the new *in forma pauperis* Motion on or before March 23, 2015, and also advised that his failure to do so could result in the dismissal of his case for failure to prosecute. Id. Although the Court's Order was improvidently issued as Plaintiff ultimately paid the requisite $400.00 filing fee and was not proceeding as a pauper, Plaintiff nevertheless failed to respond to the Court's Order. Consequently, on April 1, 2015, this Court issued an Order to Show Cause why the case should not be dismissed for failing to respond to the Court's Order, which was returnable on April 15, 2015. To date, Plaintiff has not only failed to submit a new Motion for Leave to Proceed *in forma pauperis* or responded to the Court's Order to Show Cause but he has also failed to respond to Defendants' Motion to Dismiss.[1]

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must

---

[1] Notwithstanding Plaintiff's Notice of Change of Address, which was received by the Court on March 2, 2015, ECF No. 28, there is no indication that Plaintiff did not receive the Court's February 23, 2015 Order directing him to respond to Defendants' Motion to Dismiss and the Order has not been returned to the Court.

consider six factors. These factors, as set forth in <u>Poulis v. State Farm Fire and Casualty Company</u>, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors indictates that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's Orders which has prevented his case from going forward and weigh heavily against him. Plaintiff's failure to respond to Defendants' Motion to Dismiss, failure to respond to the Court's March 9, 2015 Order and his failure to respond to the Order to Show Cause was not only solely his personal responsibility but his repeated failure to comply with Court Orders appears willful and constitutes a history of dilatoriness. Similarly, factor No. 6 -- the meritoriousness of the claim -- weighs heavily against Plaintiff as it appears his claims are barred under <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994), which prohibits section 1983 suits brought by prisoners that would demonstrate the invalidity of his confinement or its duration. Indeed, not only is Defendants' Motion to Dismiss premised on the <u>Heck v. Humphrey</u> doctrine but in denying a Motion for Appointment of Counsel filed by Plaintiff on January 30, 2015, the undersigned found that Plaintiff failed to meet the threshold requirement of establishing that his claims had arguable merit as they appeared barred under <u>Heck v. Humphrey</u>. <u>See</u> ECF Nos. 22, 26.

With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's orders -- other than the expense of filing a motion seeking

3

dismissal of the case, there appears to be no specific prejudice to Defendants other than general delay. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Although Plaintiff is not proceeding *in forma pauperis*, he was incarcerated until only recently and his financial status is not of record. It therefore is unclear that monetary sanctions are appropriate. Moreover, Plaintiff's failure to comply with three different Court orders has not only prevented this case from proceeding but suggests that Plaintiff has no serious interest in pursuing this case. Dismissal, therefore, is the most appropriate action for this Court to take. Mindek v. Rigatti, 964 F.2d at 1373.

AND NOW, this 27th day of April, 2015, IT IS HEREBY ORDERED that the Amended Complaint filed in the above-captioned case, ECF No. 21, is DISMISSED for failure to prosecute.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the Plaintiff wishes to appeal from this Order he must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

BY THE COURT,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Lawrence Madison
2056 Main Street
P.O. Box 55
Cardale, PA 15420

All counsel of record via CM/ECF